NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-927

COMMONWEALTH

vs.

MICHAEL MAUNEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2004, the defendant pleaded guilty to second-degree murder, assault with a dangerous weapon, unlawful possession of a firearm, and unlawful possession of ammunition.  The defendant filed a motion for 730 days of jail credit, which was denied, and he appeals from the order denying that motion.

Given the fact that the defendant was caught with the murder weapon in hand at the murder scene, he pleaded guilty. He was allowed to plead guilty to second-degree murder only if he agreed to serve the maximum sentences allowed by law for his remaining crimes.  See G. L. c. 265, § 15B (b) (maximum sentence of five years); G. L. c. 269, § 10 (a) (maximum sentence of five years); G. L. c. 269, § 10 (h) (maximum sentence of two years).

The parties agree that the defendant was statutorily entitled to jail credit for all the time he spent in custody

before his guilty plea. See G. L. c. 127, § 129B. Here, the defendant was in pretrial custody from the time of his arrest on August 29, 2001, until he pleaded guilty on December 14, 2004, which was a total of 1,202 days. During that time, he was not serving a sentence for any other crime.

On appeal, the defendant initially claimed he was entitled to 730 days of credit, but the Commonwealth countered that he was only entitled to 472 days of credit because, as the motion judge determined, the defendant already received two years, i.e., 730 days, of credit on his sentence for unlawful possession of ammunition, which was deemed served. However, the motion judge also imposed the remainder of the jail credit, i.e., 472 days, on the same sentence, which made that sentence longer than the maximum amount of time permitted under G. L. c. 269, § 10 (h). In the end, the parties now agree, and we order, that the defendant is entitled to an additional 472 days of credit on the sentence he is currently serving.

The order denying the defendant's motion for jail credit is reversed, and the case is remanded for entry of a new order that

the defendant is entitled to 472 days of jail credit.

<u>So ordered</u>.

By the Court (Meade, Neyman &
 Hand, JJ.[1]),

Assistant Clerk

Entered:  March 7, 2024.

---

[1] The panelists are listed in order of seniority.